```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                      SOUTH BEND DIVISION

TOMMY DAILY,                   )
                               )
Petitioner,                    )
                               )
vs.                            )     NO. 3:07-CV-365
                               )
EDWIN BUSS,                    )
                               )
Respondent.                    )
```

## OPINION AND ORDER

This matter is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody Seeking Review of a Prison Disciplinary Sanction, filed by Tommy Daily, a *pro se* prisoner, on July 31, 2007. For the reasons set forth below, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.

DISCUSSION

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Daily raises two grounds challenging his 90 day loss of good time on December 14, 2006 by the Indiana State Prison Disciplinary Hearing Board ("DHB") in case number ISP 06-12-0143. At that hearing he was

found guilty of possessing an unauthorized substance (cocaine) in violation of A112.

First, Daily argues that there was no evidence to support the charge. Though Daily may be correct that the DHB had neither a positive drug test result nor any cocaine which had been found in his possession, they did have an investigation report stating that he had confessed to having purchased $8000 of crack cocaine.

> On 11/06/06 offender Daily 895939 approached staff stating he needed to apply for protective custody. He stated he was in debt to several different offenders for purchasing crack cocaine in the amount of 8000 dollars. He was interviewed by Mr. Whelan in Internal Affairs and admitted to his drug use and debt, but stated he has never flunked a urine test. The offender was returned to CCH and key locked on the flag range until the matter could be investigated.

Report of Investigation of Incident by C. Whelan, docket # 1-2 at 1.

In a habeas review of a guilty finding in a prison disciplinary case, a federal district court does not determine credibility nor weight evidence. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

In this case, admitting to purchasing $8000 of crack cocaine is not conclusive proof that Daily took possession of the illegal drugs, but it is some evidence that he did. There is also a reasonable inference that he wanted protective custody because he accepted delivery of the drugs, but did not pay for them. This is sufficient evidence to support finding him guilty of possessing an unauthorized substance. *See Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created

twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

Finally, Daily argues that "the trumped up rule violation . . . was fabricated for retaliatory reasons . . .." Petition at ¶ 12.B.

> [P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.

*McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Here, Daily has not demonstrated a due process violation and the intent of the author of the conduct report is otherwise legally irrelevant.

CONCLUSION

For the reasons set forth above, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.

**DATED:  August 9, 2007**                          /s/RUDY LOZANO, Judge
                                                    **United States District Court**